IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) Kim Rinamo, (2) Janne Huovila and (3) Jörgen Johansson,**<br><br>Plaintiff,<br><br>v.<br><br>**(1) Sawyer Manufacturing Company,**<br><br>Defendant. | Case No. 24-cv-00347-MTS<br><br>Patent Case<br><br>Jury Trial Demanded |

**COMPLAINT FOR PATENT INFRINGEMENT**

1. Plaintiffs Kim Rinamo, Janne Huovila and Jörgen Johansson ("Plaintiffs"), through their attorneys, complain of Sawyer Manufacturing Company ("Defendant"), and allege the following:

**PARTIES**

2. Plaintiff Kim Rinamo is an individual residing at Merisaapas 1 A 4 02320 ESPOO Finland.

3. Plaintiff Janne Huovila is an individual residing at Puistomäki 2 C 38 02610 ESPOO Finland.

4. Plaintiff Jörgen Johansson is an individual residing at Retuperänpolku 4 14200 TURENKI Finland.

5. Defendant Sawyer Manufacturing Company is a corporation organized and existing under the laws of OK that maintains an established place of business at 7799 S. Regency Dr., Tulsa, OK 74131.

## JURISDICTION

6. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

7. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

9. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiffs have suffered harm in this district.

## PATENT-IN-SUIT

10. Plaintiffs are the assignees of all right, title and interest in United States Patent No. 10,627,013 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiffs possess the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '013 PATENT

11. The '013 Patent is entitled "Universal Gripper," and issued 2020-04-21. The application leading to the '013 Patent was filed on 2016-04-20. A true and correct copy of the '013 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## COUNT 1: INFRINGEMENT OF THE '013 PATENT

12. Plaintiffs incorporate the above paragraphs herein by reference.

13.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '013 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '013 Patent also identified in the charts incorporated into this Count below (the "Exemplary '013 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '013 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '013 Patent Claims, by having its employees internally test and use these Exemplary Products.

15.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

16.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '013 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '013 Patent. See Exhibit 2 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

17. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '013 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '013 Patent.

18. Exhibit 2 includes charts comparing the Exemplary '013 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '013 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '013 Patent Claims.

19. Plaintiffs therefore incorporate by reference in its allegations herein the claim charts of Exhibit 2.

20. Plaintiffs are entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

21. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment that the '013 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly and indirectly one or more claims of the '013 Patent;

C. An accounting of all damages not presented at trial;

D.     A judgment that awards Plaintiffs all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '013 Patent, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

E.     And, if necessary, to adequately compensate Plaintiffs for Defendant's infringement, an accounting:

    i.     that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiffs be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

    ii.     that Plaintiffs be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.     that Plaintiffs be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: July 23, 2024                               Respectfully submitted,

/s/ *Scott R. Helton*
Scott R. Helton, OBA No. 19829
Colleen M. Morris, OBA No. 35464
HELTON LAW FIRM
9125 S. Toledo Ave.
Tulsa, OK 74137
(918) 928-7104
scott@heltonlawfirm.com
colleen@heltonlawfirm.com

Isaac Rabicoff
Rabicoff Law LLC
(*Pro hac vice* application forthcoming)
4311 N Ravenswood Ave Suite 315
Chicago, IL 60613
7736694590

isaac@rabilaw.com

**Counsel for Plaintiff
Kim Rinamo, Janne Huovila
and Jörgen Johansson**

isaac@rabilaw.com

**Counsel for Plaintiff
Kim Rinamo, Janne Huovila
and Jörgen Johansson**

isaac@rabilaw.com

**Counsel for Plaintiff
Kim Rinamo, Janne Huovila
and Jörgen Johansson**